*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0404**

State of Minnesota,
Respondent,

vs.

Martez Antonio Richard,
Appellant.

**Filed October 14, 2014
Affirmed
Larkin, Judge**

Hennepin County District Court
File No. 27-CR-12-42476

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Larkin, Presiding Judge; Bjorkman, Judge; and Smith, Judge.

UNPUBLISHED OPINION

**LARKIN**, Judge

Appellant challenges the district court's revocation of his probation, arguing that the evidence does not show that the need for confinement outweighs the policies favoring probation. We affirm.

## FACTS

In 2013, appellant Martez Antonio Richard pleaded guilty to first-degree aggravated robbery. He admitted that he arranged to sell an iPhone to the robbery victim and set up a meeting for this purpose. Instead of selling the victim an iPhone, Richard produced a pellet gun and robbed the victim at gunpoint.

The presumptive sentence under the Minnesota Sentencing Guidelines was a commitment to prison. But the district court granted a dispositional departure and placed Richard on probation. The district court ordered Richard to serve one year in the workhouse as a condition of probation, but it allowed him to remain out of custody and to report to the workhouse to serve his term of incarceration a few weeks later, so that he could attend a pending family-court hearing. The district court provided Richard written instructions directing him to contact probation within 48 hours, to report to the workhouse on a specified date, and not to leave the state without permission.

Richard never contacted probation or reported to the workhouse. He was arrested approximately five months later on domestic assault and robbery charges in Pennsylvania and was released to Minnesota's hold for the alleged probation violation. The district court found that Richard violated probation and that the violation was intentional and

2

inexcusable.  The district court explained that it was "not a small" violation, that it was a "big deal," and that "it would unduly depreciate the seriousness of this violation if probation was not revoked."  The district court therefore revoked Richard's probation.  Richard appeals.

## DECISION

When revoking probation, the district court must: "(1) designate the specific condition or conditions that were violated; (2) find that the violation was intentional or inexcusable; and (3) find that need for confinement outweighs the policies favoring probation."  *State v. Austin*, 295 N.W.2d 246, 250 (Minn. 1980).  In assessing the third factor, courts consider whether "confinement is necessary to protect the public from further criminal activity by the offender," "the offender is in need of correctional treatment which can most effectively be provided if he is confined," or "it would unduly depreciate the seriousness of the violation if probation were not revoked."  *Id.* at 251.

"The decision to revoke cannot be a reflexive reaction to an accumulation of technical violations but requires a showing that the offender's behavior demonstrates that he or she cannot be counted on to avoid antisocial activity."  *Id.* (quotation omitted).  A district court "has broad discretion in determining if there is sufficient evidence to revoke probation and should be reversed only if there is a clear abuse of that discretion."  *Id.* at 249-50.

Richard argues that the district court abused its discretion because "the evidence did not show that the need for confinement outweighed the policies favoring probation."

Richard explains that (1) because he had never been on probation before, he did not understand what was expected of him; (2) he left the state because his grandmother died; (3) he remained out of state because his child was ill; and (4) because of all of the stress in his life, he forgot that he was required to report to the workhouse until he was arrested and the authorities in Pennsylvania discovered his Minnesota hold. Richard contends that the district court inappropriately based revocation on the fact that he received a dispositional departure and that, therefore, the district court's decision was impermissibly reflexive. We disagree.

The district court provided Richard written instructions regarding his sentence and his probationary obligations, including the date on which he was required to turn himself in at the workhouse. Richard's claim that he nonetheless "forgot" that he had to serve a term of incarceration as a condition of probation demonstrates that he is not amenable to probation and cannot be counted on to avoid antisocial activity. Although the district court mentioned that Richard received a dispositional departure, it did so in the context of considering the gravity of the underlying offense, which is a permissible consideration. *See State v. Osborne*, 732 N.W.2d 249, 254 (Minn. 2007) (affirming the district court's revocation of Osborne's probation "based on the severity of [his underlying] offenses and his prior criminal history"); *Austin*, 295 N.W.2d at 251 (stating that the court's finding on the third factor should be based on "the original offense and the intervening conduct of the offender"); Minn. Sent. Guidelines 3.B (2012) (stating that when considering whether to revoke probation, "[l]ess judicial tolerance is urged for offenders who were convicted of a more severe offense").

The district court specifically explained its finding on the third *Austin* factor: "it would unduly depreciate the seriousness of this violation if probation was not revoked. This is not a small violation. . . . This is a big deal." Given Richard's complete and immediate failure to comply with his probationary requirements and the severity of the underlying offense, we agree. The district court's revocation of Richard's probation was not an abuse of discretion.

**Affirmed.**